UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:13-cr-0255-RLY-MJD |
| | ) | |
| GREGROY L. COBBS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On November 30, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 31, 2016.  Defendant Gregory Cobbs appeared in person with his appointed counsel William Dazey.  The government appeared by Nicholas Linder, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition.  Defendant waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Cobbs admitted violations 1, 2, 3, and 4.  [Docket No. 47.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** <br><br> **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."** <br><br> Gregory Cobbs is considered an absconder. This officer last had personal contact with the offender on August 9, 2016. On August 11, 2016, the offender left a voice mail message for this officer which stated he knew he had an open warrant from Marion County for a violation of his probation and further stated, "I will turn myself in as soon as possible." Since that time, this officer has been unable to reach the offender by telephone, as his cell phone has been turned off. This officer attempted to locate the offender at his residence on August 15, 2016, at which time a friend living at his residence stated she and the offender's son, who also resides at the residence, had not seen him "in days." This officer left a letter for the offender directing him to report to the probation office on August 22, 2016, or he would be considered an absconder. The offender failed to report to the office on August 22, 2016. |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** <br><br> The offender submitted seven urine screens which have tested positive for illegal drugs: September 11, 2015: positive for cocaine; November 9, 2015: positive for cocaine; November 11, 2015: positive for cocaine and marijuana; December 18, 2015: positive for marijuana; January 12, 2016: positive for cocaine; January 20, 2016: positive for cocaine; January 28, 2016: positive for cocaine and marijuana. |
| 3 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with this ability to pay."** <br><br> The offender submitted three dilute urine screens on September 11, 2015; January 12, 2016; and May 21, 2016. The offender filed to appear for two |

        random urine drug screens on August 10, 2016, and August 17, 2016. The offender failed to appear for drug treatment sessions on five occasions: April 4, 2016; May 7, 2016; July 18, 2016; August 15, 2016, and August 22, 2016. The offender has failed to make any effort to pay his $150 substance abuse co-pay fee.

**4**        **"The defendant shall pay a fine of $1,000."**

        The offender has failed to make any payments toward his court ordered debt since April 15, 2016. His fine balance remains at $1,000, and he has a balance of $15 owed on his special assessment fee.

4. The parties stipulated that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is V.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The parties jointly recommended a sentence of 15 months to be served in the Federal Bureau of Prisons with 105 months of supervised release to follow.

    The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 22 months with no supervised release to follow. As more fully set forth on the record, the recommendation of a 15-month sentence is wholly inadequate. Counsel provided no reasonable justification for departing below the 18-24 month guideline range. Defendant has violated his supervised release in multiple, serious ways, including absconding form supervision, and submitting multiple urine screens that tested positive for cocaine and marijuana. A guideline sentence is appropriate, and the approximate midpoint of that range, 22 months, more adequately addresses the seriousness of the offenses and the need for deterrence.

As for continued supervision, Defendant has repeatedly demonstrated that he is unable and unwilling to follow the requirements of his supervised release.  This is true even though his conditions of release included provisions specifically designed to help him, such as participation in a drug treatment program.  Defendant failed to appear for drug treatment sessions.  To require Defendant to serve additional time on supervised release following his incarceration would almost assuredly result in more violations that would have Defendant facing another return to prison.  Such a result is not in Defendant's best interest, nor should the Probation Office be required to provide supervision in such an environment.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Magistrate Judge recommends placement at FCI Tuscan or a facility close to Tuscan, Arizona, consistent with Defendant's request.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  12/09/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal

4